UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DWAYCA FRANELL MATHER,    )<br>          Plaintiff,    )<br>v.                              )<br>CAROLYN W. COLVIN, Acting    )<br>Commissioner of the Social Security    )<br>Administration,    )<br>          Defendant.    ) | No. 3:16-CV-2317-B |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge. Before the Court is the Commissioner's Motion to Dismiss Plaintiff's Complaint for Failure to Exhaust Administrative Remedies [ECF No. 12] ("Motion to Dismiss"). In the Motion to Dismiss, the Commissioner argues that the Court lacks subject matter jurisdiction, because Dwayca Franell Mather ("Plaintiff") failed to exhaust her administrative remedies. Mot. to Dismiss 3-4, ECF No. 12. The Commissioner states that on March 21, 2015, the Social Security Administration informed Plaintiff that her hearing request was received beyond the 60-day appeal period. Mot. to Dismiss 2, ECF No. 12; Prelle Decl. 3, ECF No. 12-1. In addition, the Commissioner states that Plaintiff was informed in a March 23, 2015 Letter that Plaintiff may, within 15 days, submit a signed statement or other information showing the reasons as to why she did not timely file her request for a hearing. Mot. to Dismiss 2, ECF No. 12; Prelle Decl. 3, ECF No. 12-1. However, the Commissioner states that the Social Security Administration has no record that Plaintiff filed a signed statement or submitted any additional information. Mot. to Dismiss 2, ECF No. 12. The Commissioner argues that if a claimant fails to exhaust her administrative remedies, the Court does not have subject matter jurisdiction over the claimant's Social Security appeal. Mot. to Dismiss 4, ECF No. 12 (citing 42 U.S.C. § 405(g); 20

C.F.R. § 416.1400(a); *Celestine v. Social Security Admin.*, 486 F. App'x 418, 418 (5th Cir. 2012)). The Commissioner argues that, because Plaintiff failed to exhaust her administrative remedies, Plaintiff's claim is not properly before this Court, and the Court is precluded from reviewing the claim. Mot. to Dismiss 4, ECF No. 12 (citing *Dominick v. Bowen*, 861 F.2d 1330, 1332 (5th Cir. 1988)). Therefore, the Commissioner argues that the Court should dismiss Plaintiff's complaint due to lack of subject matter jurisdiction. Mot. to Dismiss 4, ECF No. 12 (citing *Heckler v. Ringer*, 466 U.S. 602, 618-19 (1984)).

A motion to dismiss challenging the Court's subject-matter jurisdiction "'may be raised by a party, or by a court on its own initiative at any stage in the litigation[.]'" *Jouett Invs., Inc. v. Intuit Inc.*, No. 3:14-CV-1803-L (BH), 2015 WL 3770715, at *5 (N.D. Tex. June 15, 2015) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506-07 (2006)). "The Court must dismiss the action if it determines that it lacks jurisdiction over the subject matter." *Id.* (citing FED. R. CIV. P. 12(h)(3); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998)). "The dismissal 'is not a determination of the merits,' however, and 'it does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction.'" *Id.* (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). "'Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'" *Id.* (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Federal courts "'must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum.'" *Id.* (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)).

The Court "may dismiss for lack of subject-matter jurisdiction based on (1) the complaint

2

alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). "A motion to dismiss based on the complaint alone presents a 'facial attack' that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction." *Id.* (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1998)). "When evidence is presented with the motion to dismiss, the attack is 'factual.'" *Id.* (citing *Williamson*, 645 F.2d at 413). In a factual attack, "'no presumptive truthfulness attaches to [the] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" *Id.* (quoting *Williamson*, 645 F.2d at 413). In order to "defeat a factual attack, a plaintiff must prove the existence of subject-matter jurisdiction by a preponderance of the evidence and is obliged to submit facts through some evidentiary method to sustain his burden of proof." *Id.* (quoting *Superior MRI Servs., Inc. v. Alliance Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015); *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989) (internal quotation marks omitted)).

The Commissioner's Motion to Dismiss presents a factual attack, because it relies on evidence in support of her Motion to Dismiss. In support of her argument that Plaintiff failed to exhaust her administrative remedies, the Commissioner submits the declaration of Cristina Prelle, Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration. Prelle Decl., ECF No. 12-1 at 1-4. Therefore, in order to maintain jurisdiction, Plaintiff must demonstrate the existence of subject-matter jurisdiction by a preponderance of the evidence by submitting facts through an

evidentiary method to meet her burden of proof. *See Superior MRI Servs., Inc.*, 778 F.3d at 504. However, Plaintiff failed to file a response to the Commissioner's Motion to Dismiss and make such a showing. As the Commissioner argues, if Plaintiff fails to exhaust her administrative remedies, this Court does not have subject matter jurisdiction over Plaintiff's Social Security Appeal. *See Celestine*, 486 F. App'x at 419 ("Because Mr. Celestine failed to exhaust these administrative remedies when he withdrew his hearing request, the district court correctly concluded that it did not have subject-matter jurisdiction over this case. Accordingly, we AFFIRM the judgment of the district court."). Therefore, the Commissioner's Motion to Dismiss should be granted.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the District Court GRANT the Commissioner's Motion to Dismiss [ECF No. 12], and dismiss this case without prejudice for lack of subject matter jurisdiction.

**SO RECOMMENDED**, this 28th day of November, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions and recommendation. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).